WELLS ET AL. *v.* DAVIS ET AL.

[No. 22,921.    Filed June 28, 1916.]

1. BRIDGES.—*Establishment.—Statute.*—Section 7744 Burns 1914, Acts 1907 p. 365, providing, in a proceeding by townships to establish a highway on a county line, for a report on the cost of bridges such as townships are authorized by law to build, is not limited by §7693 Burns 1914, Acts 1913 p. 162, providing for the erection of bridges more than twenty feet in length on existing county line roads, since §7693 contemplates only a single act of construction apart from a general scheme of highway improvement.    p. 154.

2. BRIDGES.—*Establishment.—Cost.—Statute.*—Section 3823a Burns 1914, Acts 1913 p. 609, providing that bridges costing not more than $100 shall be built by township trustees and paid for out of the township road fund, imposes no limitation §7744 Burns 1914, Acts 1907 p. 365, empowering townships building county line roads to build such bridges as the law authorizes them to erect, since §3823a applies only to a single act of repair or construction independent of a general plan of highway construction or improvement.    p. 154.

3. STATUTE.—*Construction.*—In construing statutes, courts cannot pass upon their wisdom or justice.    p. 155.

4. BRIDGES.—*Establishment.—Cost.—Statute.*—Section 3782 Burns 1914, Acts 1885 p. 58, concerning the building of bridges by townships over streams forming a boundary line between two counties and limiting the appropriation for such work to two per centum of the taxable property of the particular township concerned, applies only to the construction or repair of a bridge unconnected with any other scheme of highway improvement.    p. 155.

From Montgomery Circuit Court; *Jere West,* Judge.

Proceedings on petition of Marion Davis and others to establish a highway and bridge. Objections by Roy Wells and others to the report of the viewers were overruled, and they appeal. *Affirmed.*

*Charles V. McAdams* and *Clyde H. Jones,* for appellants.

*Ira Clouser,* for appellees.

MORRIS, J.—Appellees, who are residents of Sugar Creek and Franklin townships in Montgomery county, and Sugar Creek township in Boone

county, filed a petition to lay out, establish and improve a highway on the line between the two counties, the same being portions of the township boundaries of the three townships. Acts 1907 p. 363; §§7740, 7752 Burns 1914. At a joint session of the boards of commissioners of the counties, viewers were appointed, who afterwards reported the proposed new highway of public utility; and included in their report, as a part of the improvement, the proposed construction of a bridge 200 feet long across Sugar Creek to cost $7,230. Appellants filed a motion to strike out of the report the recommendation relating to the construction of the bridge, on the theory that the act of 1907 does not warrant the erection of such a bridge as is contemplated by the report. The motion was overruled and the proposed work ordered established. On appeal to the circuit court of Montgomery county appellants presented the same motion and the court ruled against them.

The only question presented here is the authority of the act of 1907 to warrant the proposed bridge construction. Section 5 of the statute (§7744 Burns 1914, Acts 1907 p. 365.) provides for a report on the "cost of the construction of said road, *including bridges such as townships are authorized by law to build,* culverts, drainage and all other things necessary for its completion." (Our italics.) It is insisted by appellants that the limitation prescribed in the clause we have italicized relates to the restrictions found in §7693 and §3823a Burns 1914. Acts 1913 pp. 162, 609. The latter provides that bridges costing not more than $100 shall be built by township trustees, and paid for out of the township road fund, while the former provides for the erection of bridges more than twenty feet long, on existing county line highways, at the expense of the two counties.

Appellees contend that limitation in controversy relates to the four per cent. restriction governing the "three mile" gravel road act of 1905 (Acts 1905 p. 550), as subsequently amended (§§7711-7739 Burns 1914), and the township boundary line act of 1909 (Acts 1909 p. 263), as subsequently amended (§§7739a-7739n Burns 1914). Acts 1913 p. 604; §7725a Burns 1914. They further claim that, if such contention is not tenable, the limitation must be held as referable to the two per cent. restriction of the county line bridge act of 1885, as amended in 1889. Acts 1885 p. 58; Acts 1889 p. 63, §3782 Burns 1914.

Section 8 of the act under which this proceeding was instituted reads as follows: "The laying out, constructing or improvement of such county line road shall be done in all respects under and pursuant to the gravel road law, approved March 8, 1905, Acts 1905, page 521, providing for gravel roads by taxation, and all acts and laws supplementary thereto, where the provisions of said laws are applicable and not in conflict with the provisions of this act." §7747 Burns 1914, *supra.*

It is manifest that §7693 Burns, *supra*, relied on by appellants, contemplates only the single act of construction, repair, or purchase of bridges on

1. county line highways and not as a part of a scheme of establishing and improving a new highway or the general improvement of an

2. existing one. Likewise, §3823a Burns, *supra*, in dealing with the township trustee's duty to erect or repair bridges, contemplates only the single act of repair or construction.

It is suggested by appellants' counsel that, conceding the soundness of appellees' theory, the road taxing limit of two townships on opposite sides of county lines may be exhausted chiefly in the erection of county line bridges, while two other

townships, abutting the same line, may have the burden of such cost shifted to the entire taxables of the two counties. Such argument would be quite appropriate, if addressed to the general assembly, but ordinarily courts are not authorized in construing statutes to use mere tests of wisdom or natural justice, although absurd intention

3. will not be imputed to a legislative body unless necessary. *State* v. *Ensley* (1911), 177 Ind. 483, 97 N. E. 113, Ann. Cas. 1914D 1306. Appellants' argument would apply with equal force to the three-mile act which permits the practical exhaustion of a single township's debt limit of four per cent. by the erection of a bridge, though the general law permits the township trustee to construct no bridge costing more than $100, and authorizes county boards to construct, at county expense, bridges costing more than that sum. The same is true of the township boundary line act of 1909.

We are of the opinion that the limitation in question is not referable to that contained in either §3823a or §7693, *supra*, and consequently appellants' contention cannot prevail. It is not claimed that the entire cost of this improvement will exceed two per cent. of the assessed valuation of the taxables of the townships, and consequently we are not called on to determine whether the limitation in question is referable to that of two per cent. found in the bridge act of 1885 (§3782 Burns 1914), or to that of the four per cent. governing the three-mile act and the township boundary line act. It will be observed, however, that

4. said bridge act of 1885 contemplates only the construction or repair of a bridge, unconnected with any other scheme of highway improvement. Judgment affirmed.

NOTE.—Reported in 113 N. E. 237.